## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| **GEORGE GRECU,**<br>**on behalf of plaintiff and the class**<br>**defined herein,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | Civil Action No. _____ |
| **C & F FINANCE COMPANY, and**<br>**TAYLOR, PIGUE, MARCHETTI**<br>**& BLAIR, PLLC,** | ) ) ) ) | <u>Jury Trial Demanded</u> |
| **Defendants.** | ) ) | |

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.     This action arises out of Defendant C & F Finance Company's (C&F) repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), and Defendant Taylor, Pigue, Marchetti & Blair, PLLC's (Taylor) repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), in their illegal efforts to collect consumer debts.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227.

3.     Venue is proper in this District because Plaintiff resides here and Defendants transact business here.

## PARTIES

4.      Plaintiff George Grecu (Plaintiff) is a natural person who resides in Hawkins County, Tennessee, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Plaintiff and the others similarly situated all within the following proposed class definitions:

     A.      TCPA CLASS: All persons whose cellular telephone C&F called within the past four years using the same or similar telephone dialing system that it used to call Plaintiff, where either: (1) C&F obtained the telephone number from some source other than from the debtor with respect to the debt that was owed, or (2) the recipient of the call had asked that calls cease.

     B.      FDCPA CLASS: All persons in the State of Tennessee against whom Taylor filed an action on behalf of C&F within the past year in the Davidson County, Tennessee General Sessions Court to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

6.      C&F is a Virginia corporation duly licensed to conduct business in Tennessee, and with a principal office located at 1313 E. Main St., Apt 400, Richmond, VA 23219-3756.

7.      Taylor is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Plaintiff, individually and on behalf of the TCPA CLASS defined above, sues C&F for its illegal contacts to his cell phone under the TCPA.

9.      Plaintiff individually and on behalf of the FDCPA CLASS defined above, sues Taylor for FDCPA violations, including, but not limited to requesting different amounts in different communications in collection lawsuits, misrepresentation of rights under state law regarding what is required to defend a collection lawsuit, filing collection lawsuits in an improper venue, and false representation that a communication is from an attorney.

10. In his individual capacity only and not as a named class representative, Plaintiff sues Taylor for FDCPA violations, including, but not limited to communicating with Plaintiff after knowledge of representation by an attorney, failure to include § 1692e(11) disclosures in subsequent communications, and misrepresenting amount of debt owed.

## FACTUAL ALLEGATIONS

11. In 2013, Plaintiff purchased a 2011 Ford Focus that was financed vehicle financed by C&F or which contract for purchase of the vehicle was purchased by or assigned to C&F after the initial financing (vehicle loan).

12. In approximately January 2015, Plaintiff got behind on his payments under the vehicle loan due to his hours being cut at work and the vehicle was repossessed by C&F in approximately June 2015.

### TCPA Class Claims

### Collection Calls to Plaintiff's Cell Phone in Violation of the TCPA

13. Prior to and after the repossession, C&F called Plaintiff on his cell phone and left pre-recorded messages, sometimes as often as 10 or more times a day every day of the week from several different numbers before the repossession, and at least one time a day after the repossession, for a total of what Plaintiff estimates is several hundred calls.

14. A lot of times, the phone calls from C&F to Plaintiff's cell phone would occur in blocks of 3 or more calls from different telephone numbers during a 60-minute or less time period.

15. The calls to Plaintiff's cell phone came from telephone number 804-236-9601, 855-602-2001 and other telephone numbers owned by or that have been assigned to C&F for receiving or placing telephone calls.

3

16. Telephone number 804-236-9601 is a telephone number that is owned by or has been assigned to C&F for receiving or placing telephone calls.

17. Telephone number 855-602-2001 is a telephone number that is owned by or has been assigned to C&F for receiving or placing telephone calls.

18. Due to the volume of calls to Plaintiff's cell phone immediately after he started getting behind on the payments in January 2015, he asked C&F to stop calling his cell phone.

19. Despite his request, C&F continued to call his cell phone several times a day, every day of the week, for the next several months.

20. Plaintiff received a lot of the phone calls during work hours and was unable to answer them, or stopped answering them because he knew would not be able to make the payments they were requesting, so after his phone would ring 5 times, it would automatically go to voice mail and C&F would leave their prerecorded messages.

21. The prerecorded messages Plaintiff received prior to repossession would generally state that C&F was calling him because he was behind on his payments and ask that he hold for the next available representative so they could speak with him.

22. Plaintiff would get some calls as late as 8 in the evening with prerecorded messages requesting that Plaintiff call them back and leave a number.

23. The prerecorded messages Plaintiff received after repossession would generally state that Plaintiff had a very large debt we are trying to collect from you and that Plaintiff needed to wait for a representative or call C&F back.

24. Some (but not all) of the calls are as follows:

> September 17, 2015 at 4:20pm from C&F, 804-236-9601;
> September 19, 2015 at unknown time from C&F, 804-236-9601;
> September 21, 2015 at 5:25pm from C&F, 804-236-9601;
> September 23, 2015 at 9:39am from C&F, 804-236-9601; and

September 24, 2015 at unknown time from C&F, 804-236-9601.

25. C&F's calls to Plaintiff's cell phone were made using an automatic telephone dialing system or an artificial or prerecorded voice.

26. At no time did Plaintiff give consent for C&F to call him on his cell phone.

27. When Plaintiff purchased the vehicle, he did not possess the cell phone number C&F called, so no prior consent to call his cell phone could have been given to the original creditor.

28. The telephone number C&F called was assigned to a cell phone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

29. Each automated call placed by C&F to Plaintiff's cell phone was made using an "automatic telephone dialing system or an artificial or prerecorded voice" as defined by 47 U.S.C. § 227 (b)(1)(A).

30. Each automated call placed by C&F to Plaintiff's cell phone constituted a call that was not for "emergency purposes" as defined by 47 U.S.C § 227 (b)(1)(A).

31. Plaintiff did not expressly consent to C&F's placement of telephone calls to his cell phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

*Collection Communications*

32. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

33. On September 9, 2015, Taylor filed a civil summons and sworn affidavit against Plaintiff in Davidson County General Sessions Court ("first collection lawsuit"). **Copy of first collection lawsuit filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

34. The civil summons and sworn affidavit filed by Taylor against Plaintiff conveyed information regarding the debt, including that C&F was the creditor on the debt being collected, the amount alleged as owed, and each is a "communication" as defined by 15 U.S.C. § 1692a(2). **Doc. 1-1.**

35. An employee of Taylor prepared the civil summons in the first collection lawsuit.

36. The civil summons was filed "**for Deficiency balance due and owing on a sworn contract account in the principal amount of $10,016.72 plus interest at the contract rate of 17.99%, attorney fees and costs.**". **Doc. 1-1, p. 1.** (emphasis added)

37. The preparer and signer of the sworn affidavit in the first collection lawsuit is an employee or agent of C&F.

38. The sworn affidavit signed by Ashley Catron stated that she is "an authorized agent of **C&F Finance Company Formerly Moore Loans Inc** that to the best of his/her knowledge and belief **George Grecu** are [sic] justly indebted to **C&F Finance Company** in the sum of **eight thousand nine hundred fourteen dollars and twenty-two cents** plus attorney's fees as stated in the retail installment contract and interest of **17.99%** from the **7th** day of **July, 2015**, is a true and correct statement of said indebtedness, no part of which has been paid, and against which there are no lawful offsets or counterclaims." **Doc. 1-1, p. 3.** (bold and underline in original)

### *FDCPA Class Claims*

### *Requesting Different Amounts*

39. By requesting different amounts in the civil summons and sworn affidavit in the first collection lawsuit, Taylor made conflicting statements as to the amount owed that would be confusing to the least sophisticated consumer as to how much was allegedly owed and

resulted in Taylor making a false representation (a) of the character, amount, or legal status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

### *Misrepresentation of Plaintiff's Rights Under State Law*

40.　The civil summons also contains the following language:

#### <u>NOTICE</u>

**TO DEFENDANTS WHO HAVE BEEN SUED ON A SWORN ACCOUNT:**

Tennessee law provides that should you desire a trial to contest a suit which has been filed against yhou [sic] on a sworn account, you must deny the correctness of the account in writing, under oath. This sworn denial should be filed with the Clerk and a copy of the denial should be sent and received by the Plaintiff of [sic] his/her attorney prior to the trial date set on the face of the warrant. Failure to comply with this procedure may result in the continuance of the suit or the enty [sic] of a judgment against you.

**Doc. 1-1, p. 2.** (capital and bold letter in original)

41.　Tennessee Code Annotated § 24-5-107 states as follows:

**"24-5-107. Sworn accounts.**

(a) An account on which action is brought . . . with the affidavit of the Plaintiff or its agent to its correctness, . . . is conclusive against the party sought to be charged, **unless that party on oath denies the account or except as allowed under subsection (b).**

(b) **The court shall allow the Defendants orally to deny the account under oath and assert any defense or objection the Defendants may have**". (emphasis added)

42.　The amendment that added the above language to the pertinent statute became effective over 20 years ago, on June 12, 1995, and clearly provides that when suit is brought on a sworn

account the state court "**shall allow the defendant orally to deny the account under oath and assert any defense or objection the defendant may have**." (emphasis added)  *See, 1995 Tenn. Pub. Acts 519.*

43.    The Tennessee Court of Appeals confirmed this procedure is mandatory for suit on a sworn account, even in circuit court.  *See, Clark Power Servs. v. Mitchell*, 2008 WL 2200047, 2008 Tenn. App. LEXIS 313 (Tenn. Ct. App. 2008), at *5-10 ("[D]efault judgment procedure set forth in Tennessee Rule of Civil Procedure 55.01 cannot be used to shortcut a suit on a sworn account and prevent a defendant from appearing before the court and orally denying the account under oath pursuant to Tenn. Code Ann. § 24-5-107(b)").

44.    The language in the civil summons that:

> Tennessee law provides that should you desire a trial to contest a suit which has been filed against yhou [sic] on a sworn account, you must deny the correctness of the account in writing, under oath.  This sworn denial should be filed with the Clerk and a copy of the denial should be sent and received by the Plaintiff of [sic] his/her attorney prior to the trial date set on the face of the warrant.  Failure to comply with this procedure may result in the continuance of the suit or the enty [sic] of a judgment against you,

is a communication by Taylor in connection with collection of the alleged debt and in an attempt to collect the alleged debt that is a false, deceptive, and misleading representation of Plaintiff's rights under state law and the threat to take action that cannot legally be taken in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

### *Filing Collection Lawsuit in Improper Venue*

45.    The contract to purchase the vehicle repossessed by C&F was signed by Plaintiff at Lenoir City Ford, which is located in Loudon County, Tennessee.

8

46. At the commencement of the collection lawsuit, Plaintiff resided in Hawkins County, Tennessee.

47. Because Plaintiff did not sign the contract, on which Taylor allegedly relied to file the collection lawsuit in Davidson County, Tennessee, and Plaintiff did not reside in Davidson County, Tennessee at the time the collection lawsuit was filed, the only county in which the collection lawsuit could be filed in compliance with the FDCPA would have been Hawkins County, Tennessee.

48. The filing of the collection lawsuit in Davidson County, Tennessee by Taylor is a violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2).

***False Representation or Implication That Communication is from an Attorney***

49. The FDCPA prohibits debt collection attorneys such as Taylor from representing that a document comes from an attorney unless an actual attorney has meaningfully reviewed the document, and any documents supporting the allegations in the document.

50. Prior to filing the collection lawsuit, no attorney employed by Taylor reviewed any of the underlying facts or documents supporting the allegations in the civil summons and sworn affidavit, including that C&F was the current debt owner, the amount to be demanded, and what other collection efforts had already been made, to determine if Plaintiff was an appropriate candidate for a civil suit.

51. Listing Taylor as C&F's attorney on the civil summons and sworn affidavit falsely represents or implies to the least sophisticated consumer that an attorney employed by Taylor was professionally involved in Plaintiff's file before the collection lawsuit was filed.

9

52.     Upon being served the collection lawsuit, the least sophisticated consumer, may reasonably believe that an attorney has reviewed his or her file and has determined that he or she is a candidate for legal action.

53.     Communications in the form of the civil summons and sworn affidavit were false, deceptive, and misleading because they were not "from" an attorney in the meaningful sense of the word, and some degree of attorney involvement is required before a communication will be considered "from" an attorney within the meaning of the FDCPA.

54.     Listing Taylor as C&F's attorney in the collection lawsuit when it had not been meaningfully involved with Plaintiff's account prior to the filing of the collection lawsuit violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that an attorney, acting as an attorney, is involved in collection of Plaintiff's debt.

55.     Listing Taylor as C&F's attorney on the civil summons and sworn affidavit is sufficient to give the least sophisticated consumer the false impression that these communications were from an attorney who had made a meaningful review of the facts alleged in the collection lawsuit prior to it being filed, in violation of 15 U.S.C. § 1692e(3).

### FDCPA Individual Claims

### Communicating with Plaintiff After Knowledge of Representation

56.     The FDCPA states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the

attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

**15 U.S.C. § 1692c(a).**

57. In response to the filing of the first collection lawsuit against Plaintiff, he hired an attorney to represent him in defense of the collection lawsuit.

58. On October 12, 2015, Plaintiff's attorney for the first collection lawsuit contacted Taylor to advise them that Plaintiff had retained him "with respect to collection of this debt by your firm, including defense of the action filed in Davidson County, Tennessee, which is set for initial hearing on October 19, 2015", stated that the "contract that Mr. Grecu signed with C&F Finance was signed in Loudon county and he resided in Hawkins county when the lawsuit was filed. State law, Tenn. Code Ann. § 20-4-101(a), states that the action should be filed in the county where action arose or county where defendant resides", and "[P]lease advise if you will be filing a notice of dismissal of this lawsuit filed in Davidson County."

59. On October 19, 2015, the first collection lawsuit was dismissed by Taylor without prejudice. **See copy of first collection lawsuit with result of action filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2".)**

60. Despite having actual knowledge that an attorney represented Plaintiff with respect to the debt, on or about March 11, 2016, Taylor sent a collection letter dated March 11, 2016 directly to Plaintiff (collection letter). **Copy of March 11, 2016 collection letter filed as exhibit 3 to this Complaint (hereinafter "Doc. 1-3").**

61. The collection letter stated as follows:

**SETTLEMENT OFFER**

If by chance you don't recall who we are, our firm was retained by C&F Finance to file suit and collect on the above-referenced account. At the current time, a balance of $13,435.99 remains on your account. Previously, we expressed our willingness to work with you in satisfying this obligation. Therefore, we would now like to try once again to wrap this up.

In order to settle the entire account and any obligation you have to C&F on this account, we have been authorized to accept $10,050.00 **in full settlement of your obligation to C&F.** This offer will remain good through **April 29, 2016.**

As you can see, this amount is considerably less than your account balance noted above. As noted, this offer will remain open until the close of business on April 29, 2016. To be clear "acceptance" of this offer of full settlement means that the $10,050.00 must be received in our office by the close of business on April 29, 2016. Once we receive the settlement funds, we will release you from any and all obligations regarding the above-referenced account. Further, C&F Finance will give the credit bureaus proper notification of satisfaction of this debt.

Hopefully you see the wisdom in accepting and are ready to accept this offer. By accepting this offer and making the settlement by the date noted in the amount noted above, you will avoid the additional expense of time and resources including continuing interest, continuing attorney fees and other expenses. Most importantly, it will close this chapter of your life and put this matter behind you. Questions are certainly welcome and we hope to hear from you. My direct dial number is (615) 320-3225 extension 205 and my email is cmichaels@tpmblaw.com. You can also contact Alivia Pemberton, our Collections Manager. Her direct dial is (615) 320-0840 and her email is apemberton@tpmblaw.com.

See Doc. 1-3. (bold and capital letters in original)

62.   The collection letter was signed by Charles Michels, Esq. (Michels), whom, on

information and belief is an attorney employed by Taylor.

63.   Prior to sending the collection letter after notice of representation by an attorney was

provided to Taylor with respect to collection of the debt, Taylor failed to contact

Plaintiff's attorney to inquire about his continued representation with respect to the debt or to provide Plaintiff's attorney an opportunity to respond within a reasonable period of time to communication by Taylor regarding his continued representation.

64.   Prior to sending the collection letter after notice of representation was provided to Taylor, Plaintiff's attorney never consented to direct communication with Plaintiff by Taylor in connection with collection of the debt.

65.   By communicating with Plaintiff directly in connection with the collection of the debt when Taylor had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt, Taylor violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

### *Failure to Include § 1692e(11) Language in Subsequent Communication – March 11, 2016 Collection Letter*

66.   "The failure to disclose . . . in subsequent communications that the communication is from a debt collector" is a violation of the FDCPA. **15 U.S.C. § 1692e(11).**

67.   The collection letter is a subsequent communication from Taylor in connection with collection of the debt.

68.   By failing to state in the subsequent communication in connection with collection of the debt in the form of the collection letter that the communication is from a debt collector, Taylor violated 15 U.S.C. § 1692e(11).  **Doc. 1-3.**

*Misrepresenting the Amount of Debt Owed*

69.  On April 21, 2016, Taylor filed a civil summons and sworn affidavit against Plaintiff in Hawkins County General Sessions Court ("second collection lawsuit").  **Copy of second collection lawsuit filed as exhibit 4 to this Complaint (hereinafter "Doc. 1-4").**

70.  The civil summons and sworn affidavit filed by Taylor, on behalf of C&F, and against Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that C&F was the creditor on the debt being collected, the amount alleged as owed, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

71.  An employee of Taylor prepared the civil summons for the second collection lawsuit.

72.  The civil summons was filed "**for: Deficiency balance on a balance due and owing on a sworn contract account in the principal amount of $10,016.72 plus interest 5.5%, attorney fees and court costs.**".  **Doc. 1-4, p. 1.**  (emphasis added)

73.  The preparer and signer of the sworn affidavit for the second collection lawsuit is an employee or agent of C&F.

74.  The sworn affidavit signed by Meredith Harris states "that he/she is the Recovery Paralegal of C&F Finance Company ("Plaintiff") . . . . As of the date listed below, the Affiant states that, to the best of his/her knowledge, information and belief, the full and correct balance due Plaintiff by the above-named Debtor(s)' account is $10,016.72." **Doc. 1-4, p. 3.** (underline in original)

75.  By stating in the collection letter that Plaintiff owes $13, 435.99, and then stating in the civil summons and sworn affidavit in the collection lawsuit that Plaintiff only owes $10,016.72, Taylor misrepresented the amount Plaintiff owes and made conflicting

statements as to the amount owed that would be confusing to the least sophisticated consumer as to how much was allegedly owed and resulted in Taylor making a false representation (a) of the character, amount, or legal status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10), and using unfair and unconscionable means to collect or attempt to collect any debt and attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

### *Failure to Include § 1692e(11) Language in Subsequent Communication –*
### *April 21, 2016 Collection Lawsuit*

76.    "The failure to disclose . . . in subsequent communications that the communication is from a debt collector" is a violation of the FDCPA. **15 U.S.C. § 1692e(11).**

77.    The civil summons and sworn affidavit in the second collection lawsuit were subsequent communications from Taylor in connection with collection of the debt.

78.    General Sessions Courts always have been and are still recognized as informal courts and although the civil summons may be considered a pleading, it is not considered by Tennessee Courts to be a formal pleading.[1]

79.    Both the civil summons and the sworn affidavit are subsequent communications from Taylor that are not formal pleadings made in connection with a legal action, and each failed to disclose that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).  **Doc. 1-4. pp. 1-3.**

---

[1] *Weaver v. Cromer*, 392 S.W. 2d 835, 836 (Tenn. App. 1965) (citing *Wood v. Hancock*, 23 Tenn. 465, 1844 Tenn. Lexis 138 (Tenn. 1844)).  Also see *Vinson v. Mills*, 530 S.W. 2d 761, 765 (Tenn. 1975); *Ware v. Meharry Medical College*, 898 S.W. 2d 181, 185 (Tenn. 1995); *Emrick v. Moseley*, 2014 Tenn. App. LEXIS 448, 2014 WL 3778567 (Tenn. App. 2014).

80. The civil summons states that Plaintiff owes for a "[d]eficiency balance due and owing on a sworn contract account in the principal amount of $11,198.18 plus interest, attorney fees and court costs", and a default judgment was entered against Plaintiff on March 16, 2015 in the amount of $14,843.58. **Doc. 3-1.**

## CLASS ALLEGATIONS

81. Plaintiff brings this action individually and on behalf of all persons similarly situated, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

82. The proposed TCPA CLASS consists of: All persons whose cell phone C&F called within the past four years using the same or similar telephone dialing system that it used to call Plaintiff, where either: (1) C&F obtained the telephone number from some source other than from the debtor with respect to the debt that was owed, or (2) the recipient of the call had asked that calls cease.

83. The proposed FDPCA CLASS consists of: All persons in the State of Tennessee against whom Taylor filed an action on behalf of C&F within the past year in the Davidson County, Tennessee General Sessions Court to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

84. Excluded from both the TCPA CLASS and the FDCPA CLASS are any persons employed by or associated with C&F, Taylor or this Court.

85. The classes, as defined above, are identifiable. Plaintiff is a member of each class.

86. C&F has made phone calls to the cell phones of a sufficient number of members of the TCPA CLASS through the use of the same or similar telephone dialing system that it used to call Plaintiff, where either: (1) C&F obtained the telephone number from some source other than from the debtor with respect to the debt that was owed, or (2) the recipient of the call had asked that calls cease, and Taylor has filed a sufficient number of lawsuits

against members of the FDCPA CLASS to make joinder in a single proceeding impractical. The numerosity requirement of Rule 23(a)(1) is satisfied by the size of the Class.

87. C&F has a policy and practice of making phone calls to the cell phones of persons through the use of an automatic telephone dialing system or an artificial or prerecorded voice, where either: (1) C&F obtained the telephone number from some source other than from the debtor with respect to the debt that was owed, or (2) the recipient of the call had asked that calls cease, in violation of the TCPA. C&F followed that policy and practice when it made the calls to the cell phones of Plaintiff and the members of the TCPA CLASS. The legality of C&F's policy and practice under the TCPA presents a common question to be decided in this action that satisfies the commonality requirement under 23(a)(2).

88. Taylor has a policy and practice of filing collection lawsuits against persons: (a) that request different amounts in the civil summons and sworn affidavit, (b) that misrepresent the persons' rights under state law regarding what is required for them to respond to the collection lawsuit, (c) in an improper venue, and (d) that falsely represent or imply that the communications in the collection lawsuits are from an attorney. Taylor followed that practice when it filed collection lawsuits against Plaintiff and the members of the FDCPA CLASS. The legality of Taylor's policy and practice under the FDCPA presents a common question to be decided in this action that satisfies the commonality requirement under 23(a)(2).

89. Since the calls made to the cell phones of the Plaintiff and the members of the TCPA CLASS were made by C&F using the same or similar telephone dialing system that it used to call Plaintiff, where either: (1) C&F obtained the telephone number from some

source other than from the debtor with respect to the debt that was owed, or (2) the recipient of the call had asked that calls cease, their claims are typical as required by Rule 23(a)(3). Plaintiff's and the TCPA CLASS claims are based on and arise out of similar facts constituting the wrongful conduct of C&F.

90. Since the filing of the collection lawsuits against the Plaintiff and the members of the FDCPA CLASS all: (a) request different amounts in the civil summons and sworn affidavit, (b) misrepresent the persons' rights under state law regarding what is required for them to respond to the collection lawsuit, (c) are in an improper venue, and (d) falsely represent or imply that the communications in the collection lawsuits are from an attorney are alleged to violate the FDCPA, respectively, their claims are typical as required by Rule 23(a)(3). Plaintiff's and the class claims are based on and arise out of similar facts constituting the wrongful conduct of Taylor.

91. Plaintiff has no interests antagonistic to the TCPA CLASS or the FDPCA CLASS and therefore is adequate to serve as a representative of each Class as required by Rule 23(a)(4).

92. Plaintiff's counsel has sufficient experience and knowledge to represent Plaintiff and the TCPA CLASS and FDCPA CLASS for the claims asserted in this action. Plaintiff's counsel is adequate to represent the Plaintiff and the TCPA CLASS and FDCPA CLASS as required by Rule 23(a)(4) and (g) based on their experience in consumer and class cases.

93. The requirements of Rule 23(b)(3) are also satisfied. The legality of C&F's actions under the TCPA and Taylor's actions under the FDCPA, are the predominate issues to be decided in this action establishing the predominance required by Rule 23(b)(3). Determination of these issues in a single class proceeding is superior to individual actions under the criteria set forth in Rule 23(b)(3)(A)-(D).

*Summary*

94.    The above-detailed conduct by C&F was conduct in violation of multiple provisions of the TCPA including, but not limited to the above-cited provisions of the TCPA.  The above-detailed conduct by Taylor in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

95.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  *U.S. Const. amend. 7;  Fed.R.Civ.P. 38.*

## CAUSES OF ACTION

## COUNT I – TCPA CLASS

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §§ 227 (b)(3)(B)

96.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97.    The foregoing acts and omissions of C&F and its agents constitute numerous and multiple negligent violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

98.    As a result of C&F's negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff and each member of the TCPA CLASS are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II – TCPA CLASS

## KNOWING AND/OR WILFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 *et seq.*

99.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100.    The foregoing acts and omissions of C&F and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

101.    As a result of C&F's knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff and each member of the TCPA CLASS are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNTS III-X - FDCPA CLASS

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3),

### 1692e(5), 1692e(10), 1692f, and 1692i(a)(2)

19.    Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

20.    The foregoing acts and omissions of Taylor constitute multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff and the FDCPA CLASS.

21.    As a result of Taylor's FDCPA violations FDCPA, Plaintiff and each member of the FDCPA CLASS are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an

amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) in the amount of $500,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Taylor.

## COUNTS XI-XVIII – INDIVIDUAL CLAIMS

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(2)(B),

## 1692e(10), 1692e(11), 1692f, and 1692f(1)

102.   Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

103.   The foregoing acts and omissions of Taylor constitute numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to each and every one of the above-cited FDCPA provisions.

104.   As a result of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Taylor.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against C&F:

## COUNT I – TCPA CLASS

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §§ 227 (b)(3)(B)

- for an award of statutory damages of $500.00, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

21

**COUNT II – TCPA CLASS**

**KNOWING AND/OR WILFUL VIOLATIONS OF
THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. §§ 227 et seq.**

- for an award of treble damages, as provided by statute, up to $1,500.00, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

**COUNTS III-X - FDCPA CLASS**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3),**

**1692e(5), 1692e(10), 1692f, and 1692i(a)(2)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Taylor and for Plaintiff and the Class, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $500,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(B) against Taylor, and for Plaintiff and the Class;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Taylor and for Plaintiff and the Class;

**COUNTS XI-XVIII – INDIVIDUAL CLAIMS**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(2)(B),**

**1692e(10), 1692e(11), 1692f, and 1692f(1)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Taylor and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Taylor, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Taylor;

- for such other and further relief as may be just and proper.

09/09/16                              Respectfully submitted,

                                      **GEORGE GRECU**


                                      s/      Alan C. Lee
                                      Alan C. Lee, BPR #012700
                                      PO Box 1357
                                      Talbott, TN 37877-1357
                                      (423) 581-0924
                                      aleeattorney@gmail.com

                                      Attorney for Plaintiff

## DECLARATION IN SUPPORT OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, George Grecu, declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorney and I believe that all of the facts contained in it are true, and to the best of my knowledge, information and belief are formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September _9_, 2016.


By: _George Grecu_
   George Grecu